UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>v.<br><br>PATRICK D. ROGERS,<br><br>                      Defendant. | Case No. 21-CR-152-JPS<br><br>**ORDER** |

**1.      INTRODUCTION**

In April 2023, the United States Sentencing Commission ("the Commission") proposed to Congress an amendment to the United States Sentencing Guidelines (the "Guidelines"), known as "Amendment 821" or the "2023 Criminal History Amendment." *Materials Relating to the 2023 Criminal History Amendment*, U.S. SENT'G COMM'N, https://www.ussc.gov/policymaking/materials-relating-2023-criminal-history-amendment [https://perma.cc/T954-GQFK] (last visited Apr. 24, 2024). Part A of Amendment 821 "decreases 'Status Points' by one point for individuals with seven or more criminal history points and eliminates them for individuals with six or less criminal history points" (the "Status Point Amendment"). *Id.* (under "Who is Eligible for Retroactive Application?" heading). "Individuals who received Status Points in their criminal history calculation are eligible for this retroactive reduction." *Id.* In August 2023, the Commission voted to give retroactive effect to this portion of Amendment 821. *Retroactivity Amendment ("Reader-Friendly" version)*, U.S. SENT'G COMM'N (Aug. 31, 2023), *available at*

https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf [https://perma.cc/P2B4-8FUA] (last visited Apr. 24, 2024). Amendment 821 took effect on November 1, 2023. *Id.*

In March 2024, Defendant Patrick Rogers ("Defendant") moved for the Court to reduce his sentence under Amendment 821. ECF No. 46. He also simultaneously moved for appointment of counsel. *Id.* For the reasons stated below, the Court will deny Defendant's motion for a sentence reduction under Amendment 821 and will deny his request for appointment of counsel as moot.

2. **BACKGROUND**

Defendant pleaded guilty to, and was formally adjudicated guilty of, possession with intent to distribute a controlled substance and unlawful possession of a firearm by a prohibited person in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and (b)(2) and 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF Nos. 21, 35. In December 2022, Defendant appeared before the Court for sentencing. ECF No. 34. For sentencing purposes, Probation calculated the applicable Guidelines as follows:

> Total Offense Level: 33
> Criminal History Category: III
> 168 to 210 months' imprisonment
> Count One carries statutory mandatory minimum of 10 years

*Id.* The Court sentenced Defendant to a term of one hundred and twenty (120) months' imprisonment as to Count One and eighteen (18) months' imprisonment as to Count Three, to operate to run consecutively for a total term of imprisonment of one hundred and thirty-eight (138) months. ECF No. 32 at 2.

According to the Federal Bureau of Prisons, Defendant currently has a projected release date in July 2032. *See Inmate Locator*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Apr. 24, 2024).

3. **LAW AND ANALYSIS**

The Court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the . . . Commission pursuant to 28 U.S.C. [§] 994(o)." 18 U.S.C. § 3582(c)(2).[1] "[U]pon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

In the case of Amendment 821, the relevant policy statement is Guideline § 1B1.10. That Guideline provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The commentary to U.S.S.G. §1B1.10 clarifies that a reduction "is not authorized under . . . § 3582(c)(2) and is not consistent with this policy statement if . . . the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision"—for example, "a statutory mandatory minimum term of

---

[1] Section 994(o) provides that the Commission may "review and revise" the Guidelines. 28 U.S.C. § 994(o).

imprisonment." U.S.S.G. § 1B1.10 Commentary, Application Notes 1(A). Additionally, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" determined after application of any relevant amendment(s). U.S.S.G. § 1B1.10(b)(2)(A).

Defendant falls within the group of offenders who are eligible to be considered for a reduced term of imprisonment under the Status Point Amendment. Nevertheless, the Court will not reduce Defendant's sentence under Amendment 821 for several reasons. Defendant was subject to, and received as to Count One, a mandatory minimum term of imprisonment, so the Court cannot reduce the term of imprisonment as to that Count under Amendment 821. Furthermore, the below-guidelines sentence that Defendant received (138 months' imprisonment) falls below the minimum of the amended guideline range, which, according to direct communication between the Court and Probation, would call for a term of imprisonment of 151 to 188 months. The Court "shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range," U.S.S.G. § 1B1.10(b)(2)(A), and so the Court is constrained to deny Defendant's motion for sentence reduction, ECF No. 46, and need not analyze whether the factors in 18 U.S.C. § 3553(a) warrant such a reduction.

Accordingly,

**IT IS ORDERED** that Defendant Patrick Rogers's motion for a sentence reduction under Amendment 821, ECF No. 46, be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Defendant Patrick Rogers's request for appointment of counsel, ECF No. 46, be and the same is hereby **DENIED as moot**.

Dated at Milwaukee, Wisconsin, this 24th day of April, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge